### Pullman Company v. T. T. Vanderhoeven.

#### Decided January 8, 1908.

**1.—Appeal—Demurrer—Practice.**

Where it does not appear from the record on appeal that a demurrer to pleading was passed upon by the trial court, an assignment of error based upon an alleged ruling of the court thereon, cannot be considered.

**2.—Carriers—Passengers—Loss of Property.**

Common carriers are liable to their passengers for the value of personal property stolen by the employees of the carrier, and the use or purpose for which the passenger was carrying the article is immaterial.

**3.—Same—Theft—Circumstantial Evidence.**

In a suit for the value of a diamond ring alleged to have been stolen from a passenger by the porter in a sleeping car, the testimony of the plaintiff to

the effect that he saw the porter, while making up the berth, stoop over and pick up something and put it in his pocket, was admissible as a circumstance tending to support plaintiff's theory of the case.

**4.—Market Value—Evidence.**

Where, in a suit for the value of a diamond ring, the verdict is for a less amount than the admitted value of the ring, the testimony of an expert that the plaintiff paid the value of the ring at the time he bought it, although witness had forgotten the weight of the ring and this was necessary to a knowledge of its value, was harmless.

**5.—Appeal—Assignment of Error—Practice.**

In considering an assignment of error, an appellate court is confined to the proposition asserted under it. Anything embraced in the proposition which cannot be fairly evolved from the assignment must be ignored. An assignment of error to the admission of testimony, will not support a proposition that the court erred in not striking out said testimony on motion.

**6.—Witness—Categorical Answer.**

An appellant cannot complain of the answers of a witness made to questions propounded by him on the ground that the answers were not categorical when, from the form of the questions, they could not be answered categorically and were of such a nature that the witness could only answer from his recollection.

**7. Trial—Delay—Discretion of Court.**

It is a matter within the sound discretion of a trial court to allow or refuse appellant the time which would be required to make search for evidence deemed by him to be material, when the search would involve delay in the pending trial.

**8.—Witness—Impeachment—Collateral Matter.**

A witness may be impeached by showing that he has made erroneous or contradictory statements, but resort should not be had to collateral matters. Definition of collateral matter, approved.

**9.—Passenger—Baggage—Definition.**

The term baggage includes whatever property a passenger may carry on his journey necessary for his use, enjoyment or pleasure in traveling. A woman's jewelry, and every article pertaining to her wardrobe that may be necessary or convenient to her in traveling is regarded, in law, as baggage.

**10.—Carrier—Loss of Baggage—Proof.**

In order to justify a verdict against a carrier for the value of baggage stolen by its servant, it is not necessary that the evidence should be sufficient to support a conviction of the servant for theft. It is only necessary that the facts and circumstances reasonably tend to show that the servant wrongfully took and appropriated the baggage.

**11.—Contributory Negligence—Theft.**

There is no principle of law which will exonerate one from taking and appropriating another's property because the owner was negligent in losing it.

Appeal from the 57th District Court, Bexar County. Tried below before Hon. A. W. Seeligson.

*J. D. Guinn* and *A. G. McNeill*, for appellant.—The court erred in admitting over defendant's objection, the testimony of Mrs. Vanderhoeven, the purport of which was that the plaintiff had taken the ring in question and other jewelry along with her to likely wear at a dinner or other such use as she might have, because, it not appearing that the defendant was a common carrier, and no al-

legation to that effect, nor that it was taken along for her use, pleasure or comfort, nor in any manner claimed to be baggage, defendant claiming that plaintiff had no right to make such proof for the further reason that such testimony was irrelevant and immaterial. Missouri Pac. v. York, 2 App. C. C. (W. & W.), par. 639, and authorities cited; Pullman Co. v. Pollock, 69 Texas, 123; Thompson on Carriers, pp. 510 to 512; 1 Buck Dig., p. 380; Pacific Express v. Darnell, 62 Texas, 641; Mims v. Mitchell, 1 Texas, 447; 1 Buck Dig., p. 105.

The amount of jewelry carried by the plaintiff's wife on this trip being very much more than is ordinarily carried by travelers on similar trips, and defendant having no notice or knowledge of the fact, the increased risk caused thereby was not in the contemplation of the parties at the time the contract between the plaintiff and the defendant was entered into, and the requested charge limiting the defendant's liability should have been given. Missouri, K. & T. Ry. Co. v. Meek, 75 S. W. Rep., 317; Bonner v. Blum, 25 S. W. Rep., 60.

*John Sehorn,* for appellee.

NEILL, Associate Justice.—This suit was brought by appellee against appellant to recover the value of a diamond ring, the separate property of plaintiff's wife, alleged to have been dropped by her while a passenger on one of defendant's cars en route from San Antonio to Dallas, Texas, and to have been found by its porter and appropriated to his own use. The value of the ring was averred to be $1,500, which was the amount sued for. The defendant answered by a general and a special exception to the petition and a general denial. It does not appear from the record that either of the exceptions was called to the court's attention or ruled upon. The case was tried before a jury and the trial resulted in a verdict and judgment in favor of the plaintiff for $750.

*Conclusions of Fact.*—While the evidence upon the issue as to whether appellant's porter found the ring on the car and appropriated it to his use is purely circumstantial, we believe that it reasonably tends to support the affirmative of the issues. It is undisputed that plaintiff and his wife were passengers on one of defendant's cars at the time of the alleged loss of the diamond ring and it is uncontroverted that its value was at least as much as found by the jury.

*Conclusions of Law.*—1. The first, second and third assignments complain that the court erred in overruling the exceptions to plaintiff's petition. Neither can be considered, because it is not disclosed by the record that either exception was ruled upon. The record must be deemed to mirror the proceedings in the trial court; and unless it reflects the ruling assigned as error there can be no predicate for its assignment.

2. It was a matter of no moment for what purpose Mrs. Vanderhoeven carried the ring on her journey. She had the right to carry

it for any purpose she pleased, or without any purpose at all.  This was a matter that concerned nobody but herself.  Whether she carried it for adornment at a dinner party, or "just because," defendant's porter on the car had no right, when, in the course of his employment, he found it, to appropriate it to his own use.  As to this, it could make no difference whether the company be regarded as a common carrier or not.  Therefore it was not error to permit plaintiff's wife to testify that she took the ring with her to wear at a dinner or such other use as she might have for it.

3.  The question as to whether the construction of the berth occupied by plaintiff and wife when the ring was lost had been changed between the date of the loss and the time when Mrs. Vanderhoeven afterwards examined its construction, was one of fact for the jury to determine.  If it was so constructed that a thing the size and shape of a ring could fall from it into the pillow-box, her testimony that such was its construction at the time of the examination was admissible as evidence tending to support plaintiff's theory that the ring fell from the berth into the pillow-box, and that the porter found it there, when making search at her request, and appropriated it.  We, therefore, overrule the fifth assignment of error which is directed against the admission of such testimony.

4.  The court did not err in refusing to strike out the testimony of the plaintiff to the effect that he saw the porter, while making up the berth, stoop over and pick up something and put it in his pocket.  The witness had testified that, in the morning just before reaching Dallas, he had said to the porter when he was making up the berth, "that we had lost something during the night, and heard it drop into the pillow-box."  It was in connection with this testimony that the portion objected to was stated.  We think the testimony was admissible as a circumstance tending to support plaintiff's theory of the case.  Its probative force was for the jury to determine.

5.  Since it is conceded by the appellant, in the statements made in its brief to support the proposition enunciated under the twenty-first assignment of error, "that the lost ring was proved to be of the value of $1450," and the verdict was only for $750, we are unable to perceive that it was in any way prejudiced by the testimony of the witness, Critzer, referred to in the seventh assignment of error.  It would seem, however, if the witness knew the weight, color and value of the diamond at the time he sold it to plaintiff, and that the price received for it was its market value at the time, that his recollection of the price for which it was then sold and his knowledge of the percentage of the increase in the market value of diamonds from then until this case was tried, would render his testimony as to the value of the diamond in question at the time of the trial admissible, although he had forgotten its weight.

6.  The tenth assignment of error has reference to the testimony of plaintiff upon the question as to what certain witnesses of defendant testified on a prior trial in regard to the loss of a diagram of the coach in which he and his wife were passengers when the ring was lost.  The only proposition asserted under it is: "When a witness is

asked to state whether he can state the facts on oath what a former witness said with regard to a material matter, and a categorical answer is demanded, the witness should not be allowed nor permitted to answer as to his *belief;* same should be stricken out, because not responsive to the answer."

In considering an assignment we are confined to the proposition asserted under it. Anything embraced in the proposition which can not fairly be evolved from the assignment, but which extends beyond it, must be ignored. As the assignment in question does not involve the court's failure to strike out the witnesses' answers, attention can only be given to its admission in evidence. The answers related to the testimony of certain witnesses for the defendant upon a prior trial of the case, and were elicited by questions asked by defendant's counsel. The questions and answers are as follows:

"Q. Are you willing to state that the witnesses Brockman, Dashield, Glass and Martin swore that the diagram was lost?"

"A. I really have no recollection of the four of them."

"Q. That is your answer?"

"A. My recollection is that two of the conductors did."

Thus it is seen that the assignment presents the absurdity of predicating error upon answers made to questions propounded by the party complaining of them and of asking a reversal of the judgment because the answers were not categorical, when it is apparent that the questions could not have been answered "Yes" or "No," and were of such nature that the witness could only answer from his recollection.

7. The eleventh assignment of error complains that the court erred in refusing to allow defendant to offer the record of the former trial for the purpose of showing that its witnesses did not testify on that trial that a certain diagram was lost which purports to show the number of passengers occupying the berths on the car in which plaintiff and his wife were passengers when the ring was lost.

It appears from the record that upon the trial Mr. and Mrs. Vanderhoeven testified that they were the only passengers on the car when the ring was lost; that for the purpose of impeaching their testimony, the diagram referred to was introduced in evidence by the defendant; that, then, for the purpose of avoiding the effect of such evidence, Mrs. Vanderhoeven testified that defendant's witnesses on the prior trial had stated that the diagram had been lost or destroyed; and, then, that defendant's counsel requested the court to have the record of the testimony taken by the stenographer upon the other trial examined, to the end that he might introduce it as evidence to discredit such testimony of plaintiff's wife by showing from it that none of the witnesses testified as stated by her.

It thus appears that the record of the testimony on the other trial was not tendered as evidence by defendant. The court refused to allow counsel to examine it on account of the time it would take and that it was merely cumulative and collateral matter.

One way of discrediting a witness is by showing him to have made an erroneous statement, at some one or more points in his

testimony. But it is a limitation on this method of impeachment, that resort may not be had to collateral matters; for the reason that evidence of such matters would confuse the main issue before the jury and prolong the trial. It is said that the test of collateralness should naturally be, "Could the fact, for which the testimony is offered in contradiction, have been shown in evidence for any purpose independently of this contradiction?" Greenl. Ev. (16 ed.), sec. 461e. It seems to us that if the record of the testimony on the former trial had been tendered as evidence it would have fallen within the limitation on the principle stated. But it was certainly within the sound discretion of the court not to permit the trial of the case to be protracted by allowing an examination of such record for the purpose of ascertaining whether the testimony of Mrs. Vanderhoeven could be discredited by it.

8. It is insisted by the twelfth assignment of error that a new trial should have been granted upon the ground that the motion therefor contains a record of the testimony of the witnesses on the previous trial which discloses that none of them testified that the diagram referred to had been lost. If we are right in our disposition of the preceding assignment of error, this one should be overruled on the same grounds. We may add, however, that the record was not the only evidence which the defendant could produce to show what its witnesses testified to on the prior trial. The same witnesses, as well as others, were present at the trial when the judgment appealed from was rendered, any or all of whom could have been offered to prove the same fact that is claimed the record of their testimony established, without delaying the trial to have such record examined for their testimony before tendering it in evidence. The motion for a new trial shows no reason why this was not done.

9. The thirteenth assignment impugns the first paragraph of the court's charge upon the ground that it submits as an issue, whether plaintiff's wife took the ring with her on her journey as a part of her *personal baggage* when such issue was not made by the pleadings, plaintiff not having alleged in his petition that she carried it as baggage. The law does not inhibit a woman from carrying on her journey whatever article of her paraphernalia she may choose. Nor has it ever undertaken to say what of the various and multifarious articles, which compose it, is comprehended by the term "baggage." It simply declares that the term includes whatever property she may carry on her journey necessary for her use, enjoyment or pleasure in traveling. We have held that "A woman's jewelry, and every article pertaining to her wardrobe that may be necessary or convenient to her in traveling is regarded, in law, as baggage." Galveston, H. & S. A. Ry. v. Fales, 33 Texas Civ. App., 457. It is sufficient to say here that this would comprehend the ring, the value of which is sued for in this action. While the ring was not denominated baggage by the petition, the allegations are sufficient to comprehend it and admit proof that it was.

10. The fourteenth assignment of error complains of the court's refusal to peremptorily instruct the jury at defendant's request to

return a verdict in its favor, and the twenty-fifth that the verdict is contrary to the law and evidence. It was not essential to a verdict that the evidence that defendant's porter found and appropriated the diamond should be sufficient to authorize his conviction for theft had he been indicted and prosecuted for that offense. In a criminal prosecution the evidence must be such as to prove the defendant's guilt beyond a reasonable doubt. And when, as in this case, the evidence is purely circumstantial each essential fact or circumstance must be consistent with every other, and, when linked together, they must form a chain connecting the defendant with the offense so strong that not a link can be broken, excluding every reasonable hypothesis save that of his guilt. But in a civil action, it is only necessary that the facts and circumstances reasonably tend to show that the defendant wrongfully took and appropriated another's property. The evidence tending to prove that defendant's porter in the discharge of the duties of his employment found Mrs. Vanderhoeven's diamond ring and appropriated it, is not unlike that in case of Hatch v. Pullman Sleeping Car Co. (84 S. W. Rep., 247), which we held was sufficient to carry the case to the jury. And for the reasons stated in that opinion we believe the evidence in this case was. In view of this, the court properly refused the requested charge and the motion for a new trial.

11. The substance of special charge No. 5 requested by defendant was embraced in special charge No. 3, which was given at its request. It would have been merely a repetition of the latter to have given the former. Hence, we overrule the fifteenth assignment of error, which complains of the refusal of the court to give special charge No. 5.

12. It will be seen from our statement of the case that contributory negligence of plaintiff's wife in losing the ring was not pleaded as a defense. Hence, the court did not err in refusing to submit such issue, as was requested by defendant in special charge No. 9. Besides, we know of no principle of law which would exonerate one from taking and appropriating another's property because the owner was negligent in losing it.

13. The law, so far as we know, places no limit upon the value of a woman's jewelry that may be carried as baggage. Therefore we overrule the twenty-first assignment of error, which complains of the court's refusing a special charge at request of defendant, which, if given, might have warranted the jury in finding that the ring could not be considered baggage on account of its value.

14. The twenty-fourth assignment of error complains of the court's refusal to strike out a paper filed by plaintiff in opposition to defendant's motion for a new trial. If, as urged by appellant, the matters set up in the paper were irrelevant and immaterial, we are unable to perceive how appellant could have been injured by it. The judgment is affirmed.

*Affirmed.*

Writ of error refused.