### RATCLIFF v. RATCLIFF et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 11, 1913. Rehearing Denied Dec. 4, 1913.)

1. APPEAL AND ERROR (§ 877*)—PERSONS ENTITLED TO ALLEGE ERROR.

In trespass to try title, where plaintiff counted on adverse possession, and defendant set up that the property was deeded to her as trustee, and that she held for the beneficiary, plaintiff cannot complain that the court allowed the beneficiary to file a plea of intervention setting up the same facts as those alleged by defendant; the rights of the beneficiary under the trust not affecting his claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

2. TRUSTS (§ 31*)—ESTABLISHMENT.

A showing of accident, fraud, or mistake is not necessary to ingraft a trust upon a deed conveying the legal title on its face.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 42; Dec. Dig. § 31.*]

3. APPEAL AND ERROR (§ 194*)—EXCEPTIONS—WAIVER.

Exceptions to the answer of an intervener, where not called to the attention of the trial court, must be regarded as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1241–1246; Dec. Dig. § 194.*]

4. EVIDENCE (§ 598*) — WEIGHT AND SUFFICIENCY.

A finding of fact in a cause tried to the court without a jury may be based upon the positive testimony of one witness, though it was contradicted by that of another.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. § 598.*]

5. ADVERSE POSSESSION (§ 85*) — ACTIONS — EVIDENCE—SUFFICIENCY.

In trespass to try title, where plaintiff claimed only by adverse possession, evidence held sufficient to sustain a finding that the holding was not adverse for the whole period of limitation.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 313, 498–503, 656, 657, 660, 668, 688–690; Dec. Dig. § 85.*]

6. ADVERSE POSSESSION (§ 43*)—POSSESSION OF TRUSTEE.

Where a party who held land in trust for another, although his conveyance was absolute on its face, possessed the property adversely to other claimants, the trustee's adverse holding inured to the benefit of the cestui que trust.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 213–224; Dec. Dig. § 43.*]

7. TRIAL (§ 397*) — FINDINGS — SUPPORT IN PLEADINGS.

In trespass to try title plaintiff counted on adverse possession, and defendant, who was his former wife, alleged that the property was conveyed to her by an absolute deed to hold in trust for her stepfather, that her possession and that of plaintiff was with his consent, and that the beneficial interest in the property belonged to the stepfather's heirs. It appeared that after the stepfather had purchased the land suit was brought against him, in which the plaintiff recovered, but that the property was quitclaimed to the stepfather and defendant. Held that, as defendant traced no title through the quitclaim deed, and as plaintiff made no claim thereunder, he could not insist that the court should have found that such deed gave defendant an interest in the property, part of which would pass to him as community estate; there being no foundation for those claims in the pleadings or issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 940–945; Dec. Dig. § 397.*]

Appeal from District Court, Jefferson County; J. M. Conley, Judge.

Action by Eli Ratcliff against Sarah Ratcliff, in which Lou Turner intervened. From a judgment for defendant and intervener, plaintiff appeals. Affirmed.

V. A. Collins, of Beaumont, for appellant. W. W. Cruse, of Beaumont, for appellees.

McMEANS, J. Action of trespass to try title brought by Eli Ratcliff against Sarah Ratcliff to recover one-half of a certain tract of land in Jefferson county. In addition to the ordinary allegations in suits of trespass to try title, the plaintiff pleaded the statute of limitations of ten years. Defendant answered by general denial and a plea of not guilty and further pleaded that in 1893 the land in controversy was deeded to her by one George Turner, the deed reciting a consideration of $1 paid and love and affection, but that said deed was in fact a deed in trust, and that no title passed or was intended to be passed thereby, and that there was no real consideration for its execution, but that said deed was made by said George Turner to her in order that she and the plaintiff, Eli Ratcliff, who was then her husband, might get a house built on the land, and with the understanding and agreement that the land would be reconveyed by plaintiff and defendant to said George Turner at some future date. Lou Turner, alleging that she was the widow of George Turner, deceased, and that he left no children, that the land in question was community property and that she was his sole heir, that there had been no administration of the estate of said George Turner, deceased, and no necessity for any, intervened in the suit, alleging in substance the same facts alleged by Sarah Ratcliff, and further pleading the statutes of limitation of five and ten years. The case was tried before the court without a jury and resulted in a judgment for the intervener, Lou Turner, and from this judgment the plaintiff has appealed.

---

The court upon proper request of appellant filed findings of fact and conclusions of law. The evidence in the record justifies the following fact findings, which in substance accord with the court's findings of fact: The land in controversy was deeded to George Turner, the husband of intervener, Lou Turner, by Long & Co. on March 16, 1882. On October 5, 1893, George Turner conveyed to defendant Sarah Ratcliff, his stepdaughter, the land in controversy; the deed reciting as a consideration the payment of $1 and love and affection, and was so conveyed for the purpose of enabling said Sarah Ratcliff and her husband, the plaintiff, Eli Ratcliff, to mortgage the land.in order to secure lumber to build a house thereon for a home. It was understood and agreed between George Turner and Sarah and Eli Ratcliff at the time of the execution and delivery of this deed that Eli should build the house and pay for it, and that he and his wife, Sarah, should use and occupy the same as their home. It was also understood and agreed at the time said deed was made that, after the purposes above stated had been accomplished, the land should be reconveyed to George Turner by Sarah and Eli, but said conveyance was never made. The house was built in the spring of 1895 by George Turner and Eli Ratcliff. Turner paid part of the purchase money for the lumber that went into the house, and Eli paid the balance. Eli and Sarah moved into the house July 4, 1895, and occupied it continuously until the spring of 1901, at which time they moved to the city of Beaumont and occupied a house belonging to George Turner, where they resided for three years without paying any rent therefor, and during said time George Turner had the actual possession of the land in controversy occupying and using it, keeping up the fences, raising crops on it, and rented the house to tenants, and collecting and keeping the rents. In April, 1903, Eli and Sarah moved back on the land and lived there until September 28, 1911, when Eli abandoned Sarah and moved into the city of Beaumont, but Sarah retained possession of the land through a tenant. Thereafter Sarah sued Eli for and obtained a divorce, and it was after this that Eli brought this suit for a half interest in the land. The court found as a fact, and the evidence in the record justified the finding, that George Turner was in possession of and exercised ownership over said land, except that actually used by Eli and Sarah during their periodical occupancy, continuously from 1893 to the time of his death in 1912; that he paid all taxes on the land from 1883 to 1911, inclusive; from 1893 to the time of his death he cultivated a portion of the land each year and kept up the fences and at various times sold off portions of the land to various persons. He died in February, 1912, and there is no administration upon his estate and none necessary. Lou Turner, the intervener, is his surviving wife and his sole heir. After George Turner purchased the land in 1882 from Long & Co., suit was brought against him in the district court of Jefferson county therefor, and the land was recovered by the plaintiff, and thereafter the successful party to that suit, V. A. Collins, conveyed the land by quitclaim deed to Sarah Ratcliff, George Turner, and J. V. Flemming.

On the trial in the court below Eli Ratcliff did not claim the land in controversy under the deed from George Turner to Sarah Ratcliff but asserted title only under the ten years' statute of limitation, and Sarah Ratcliff asserted that she was holding the legal title thereto in trust for George Turner.

Under substantially the foregoing facts the court concluded as a matter of law, and we think correctly so, that the proof failed to show title in Eli Ratcliff under the ten years' statute of limitation, and that plaintiff therefore having no title to the land, and defendant Sarah Ratcliff asserting that her possession was for George Turner, Lou Turner, his sole heir, was entitled to recover, and rendered judgment accordingly.

[1, 2] Appellant by his first and second assignments of error complains of the refusal of the court to sustain his general demurrer to the intervener's petition; his contention being: First, that there was no allegation therein of fraud or mistake in the execution of the deed by George Turner to Sarah Ratcliff; and, second, that the facts stated therein were not sufficient for setting the deed aside.

As stated in our fact findings, appellant did not claim under the deed in question but only under his claim of adverse occupancy for a period of time sufficient to perfect the title in himself by limitation, and therefore the question of whether Sarah Ratcliff held the absolute title to the land under the deed to herself from George Turner, or whether she held the legal title in trust for him, were matters of no concern to appellant. We think the averments of the pleading assailed, when tested by general demurrer, were sufficient. It is not true that in cases such as this a trust cannot be ingrafted upon a deed which upon its face shows the legal title in the grantee, except where there are other allegations to show that the failure to express the trust in the deed itself was the result of accident, fraud, or mistake. Du Perier v. Du Perier, 126 S. W. 10.

[3] Appellant's third, fourth, fifth, seventh, and eighth assignments of error are predicated upon the alleged refusal of the court to sustain his several special exceptions to the answer of the intervener. The record does not disclose that these exceptions were called to the attention of the trial court or that they were ruled upon; therefore they must be regarded as waived. Miller v. Barler, 26 S. W. 1105; Pullman v. Vanderhoeven, 48 Tex. Civ. App. 414, 107 S. W. 147; Sterling v. Railway Co., 38 Tex. Civ. App. 451, 86 S. W. 659.

[4] The ninth assignment attacks that part of the court's findings of fact wherein it was found that, during the three years that Eli and Sarah Ratcliff did not live on the land, George Turner collected the rents.

The eleventh assignment assails the finding of the court to the effect that the deed from George Turner to Sarah Ratcliff was executed for the purpose of enabling the latter to mortgage the land to secure lumber to build a house upon it, and in further finding that there was an understanding between George Turner and Eli Ratcliff to that effect, and in further finding to the effect that it was the understanding between George Turner and Eli Ratcliff that the land should belong to the former but should be occupied by the latter and his wife for the use and benefit of George Turner. These facts were testified to by Sarah Ratcliff, and, although her testimony on this point was contradicted by Eli, it nevertheless warranted the findings complained of.

The thirteenth assignment complains that the court found as a fact that the conveyance from V. A. Collins to George Turner passed the title to the land in the latter. We do not find that the court so found; the only finding in that regard being that V. A. Collins "made a quitclaim deed to George Turner and Sarah Ratcliff for the land in controversy."

[5] By his fourteenth assignment appellant complains that the court erred in holding that the evidence failed to show that plaintiff had title under the ten years' statute of limitations, and in further holding that the burden was upon plaintiff to make out his title as against the claim of intervener, who was claiming the title against both plaintiff and defendant. He contends in his first proposition under this assignment that where the undisputed proof shows that plaintiff in person or by tenant has held peaceable and adverse possession of a tract of land of 160 acres or less, cultivating, using, and enjoying the same from July 4, 1895, to November 1, 1912, it is error for the court to hold that his title is not perfect under the statute of ten years' limitation. The proposition is sound but assumes the very question in issue. Were we left with the appellant's testimony alone, we would probably conclude that the judgment against him was radically wrong. The record does not bear out the contention that the undisputed evidence shows that Eli had and held such possession and for such length of time as to perfect his title by limitation, for there is abundant evidence in the record from which a contrary conclusion would be warranted. In this connection Sarah Ratcliff testified that during the time she lived on the land she was holding it for George Turner; that she heard Eli admit in George Turner's presence that he was not claiming the land, and the first she knew of his claiming it was after Turner's death; that she had discussed with Eli the matter of reconveying the land; that he did not set up any claim to it then; that he would not claim it; and that he said the reason why he would not do anything more on the place was because it was not his. Lou Turner testified that Eli "never in my presence claimed the land, always George's land. He told me it was George's land. * * * I never heard him claim this land until after George died." The further complaint in the fourteenth assignment that the court held that the burden of proof was upon plaintiff to make out his title against intervener does not appear to be sustained by the record. It does not appear that the court made any ruling as to who had the burden of proof in the case.

[6, 7] By his fifteenth assignment appellant complains that: "The court erred in his conclusions of law that intervener had such title or possession of said premises as would entitle her to recover against the claim of plaintiff herein. The court having held in paragraph 8 of his findings of fact that the quitclaim deed from V. A. Collins to Sarah Ratcliff, George Turner, and J. V. Flemming passed title to the grantees to the land in controversy, he erred in not holding that at least one-half of the title so passed in said deed to Sarah Ratcliff was the property of Eli Ratcliff; it being shown in evidence that Eli Ratcliff and Sarah Ratcliff were husband and wife at the date of the execution of said deed, and it not being shown that it was conveyed to Sarah Ratcliff for her own separate use and benefit." Under this assignment the following proposition is advanced: "Where an intervener claiming against both plaintiff and defendant introduces a certain deed to show common source and attempts then to show said deed ineffectual to pass title, but offers another deed from another source which, if effectual to pass title, puts some interest in plaintiff, intervener must then trace the common source of title to the sovereignty of the soil and show it superior to the other title she has introduced before she will be permitted to recover against plaintiff." We will not pause to determine the accuracy of the proposition as an abstract question of law. That it has no application to the facts of this case we have no doubt. We repeat that the court did not hold that the deed from V. A. Collins passed the title to George Turner, Sarah Ratcliff, and J. V. Flemming. The court found as a fact that neither party claimed title under the deed executed by George Turner to Sarah Ratcliff in 1893. This finding is not questioned. The court further found that the plaintiff claimed the land under the statute of limitation of ten years. This finding is not attacked. The court in effect further found, and we think the finding is warranted by the evidence, that from 1895, the time when Eli and Sarah moved onto the land, to the date of George Turner's death, such possession as they held was held for Turner. Any title

perfected by their adverse possession inured to Turner. In Thomson v. Weismann, 98 Tex. 170, 82 S. W. 503, the Supreme Court holds that one who has bought and paid for land, the deed to which was taken in the name of a third party who held in trust for the purchaser, could prescribe under the statute; the other requirements of the statute having been fulfilled. See Kirby v. Hayden, 44 Tex. Civ. App. 207, 99 S. W. 747. It is true that the deed by V. A. Collins might have vested title to a portion of the land in Sarah and at such a time as to make it the community property of Sarah and Eli, but Sarah did not assert title under this deed but asserted that such title as she held was held in trust for George Turner. Eli did not claim title under this deed but expressly asserted title by limitation; and, having so pleaded and having failed to prove the allegations of his petition in this regard, he was not entitled to recover.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.