### TIEMANN v. LOESCH.   (No. 8860.)

(Court of Civil Appeals of Texas.   Galveston.
April 26, 1926.)

**1. Appeal and error ⊚⟹724(2).**

Assignments of error not definitely and specifically pointing out any error, as contemplated by rules, need not be considered.

**2. Appeal and error ⊚⟹242(3).**

Any error in overruling general demurrer and special exceptions was waived, where record showed no action taken thereon below.

**3. Waters and water courses ⊚⟹126(1)—Allegations by owner complaining of injuries to land by discharge of water held to sufficiently describe land, in absence of special exception.**

In action for injuries to land by discharge of water thereon, plaintiff's allegations that he owned 107 acres of land about four miles west of named town in named county, that it adjoined defendant's land on east, that he resided thereon with his wife and five children, and that it was his homestead, sufficiently described land, in absence of special exception.

**4. Waters and water courses ⊚⟹125—Where issue of damages to entire tract was submitted and all found injured by precipitation of impounded water on part, damages to entire tract were properly awarded.**

In action for depreciation in value of homestead tract as entirety by wrongful precipitation of impounded waters thereon, where issue of damage thereto in entirety was submitted to jury without objection, and all of it was found to be injured by such precipitation on parts only, damages to entire tract considered as whole were properly awarded.

**5. Damages ⊚⟹188(1).**

In assessing damages to land by precipitation of impounded waters, jury are not limited to some specific amount named by witnesses, where there are other facts and circumstances bearing on issue.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Action by Louis Loesch against Robert Tiemann. Judgment for plaintiff, and defendant appeals. Affirmed.

W. I. Hill and J. E. Edmondson, both of Bellville, for appellant.

C. G. Krueger, of Bellville, for appellee.

GRAVES, J. A full and correct statement of the cause is thus taken from appellee's brief:

"The appellee instituted this suit against the appellant in the district court of Austin county, Tex., on the 18th day of May, A. D. 1925, seeking to recover actual and exemplary damages for injuries done to appellee's land by the construction of ditches and channels by the appellant upon his land, thereby concentrating the waters on his land in said ditches and channels and discharging the same in concentrated form upon the land of the appellee. The appellee also prayed for an injunction to restrain the appellant from maintaining said ditches.

"The appellee alleged that he is a married man, the head of a family consisting of himself, his wife, and several children, who reside with him at his home upon a certain tract of land consisting of about 107 acres, situated about four miles west from the town of Kenney in Austin county, Tex.

The appellee further alleged that the appellant owned a tract of land adjoining appellee's land on the west. Appellee also alleged that he is a farmer and makes a living for himself and his family by raising cotton, corn, and other feed stuff, that he and his family reside upon said land, and that he uses and cultivates said land, and that, with ordinary cultivation, it will produce bountiful crops, but that by reason of the acts of the defendant in cutting, making, and constructing ditches, thereby concentrating the surface waters upon his said land in said ditches and channels and thus casting the same in a concentrated form upon plaintiff's cultivated land, the waters have cut large and deep ditches over and across plaintiff's land and have washed away the fertile soil and growing crops, to plaintiff's great damage.

"The appellee further alleged that his said tract of land is a small farm, but that it is very rich and productive and very valuable, and is of the reasonable market value of $125 per acre; that by reason of the acts of the defendant in making and constructing ditches and channels, as aforesaid, and in casting the surface waters from his land through said ditches in a concentrated form upon the land of this plaintiff, said waters have washed and cut large ditches, as well as small ditches, upon and across his land until it looks like a scarred and cut horse, or animal, washed away much of the fertile soil, and as a natural result diminished the actual market value of plaintiff's said land at least $25 per acre; to his great damage in the sum of $2,700.

"The appellee also prayed for exemplary damages in the sum of $1,000, and for an injunction to restrain the appellant from maintaining said ditches, etc.

"The defendant pleaded a general denial. The defendant further pleaded that the construction of said ditches upon his land was a protection to plaintiff's land and plaintiff's crops, etc.

"On the 4th day of June, 1925, this cause came on for trial before a jury. The court submitted the same to the jury upon the following special issues, to wit:

"'First, did the defendant, Robert Tiemann, construct ditches upon his land leading same unto and upon plaintiff's land, thereby concen-

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

trating the surface water into said ditches and casting same in such concentrated form upon the lands of the plaintiff, Louis Loesch, so as to cause plaintiff damage to his cultivated crops or soil? You will answer this question "Yes" or "No," as you find the facts to be.

" 'Second, if you have answered the foregoing question "Yes," then you will answer this question: What amount of money, if paid now in cash, will compensate the plaintiff for the damages sustained by him to his land and crops? You will answer this by stating the amount.'

"To the first special issue the jury answered, 'Yes,' and to the second special issue the jury answered, '$925.'

"Said findings of the jury were received and approved by the court, and judgment was rendered and entered in accordance with the verdict of the jury."

[1] The appellee objects to a consideration of appellant's assignments of error as being too general, multifarious, and without sufficient supporting statements; the objection seems to be well taken, none of the assignments appearing to definitely and specifically point out any error, as contemplated by the rules. If the manner of presentment were overlooked, however, and the assignments considered, none of them could be sustained.

[2] The first group of them complain of the overruling of a general demurrer and several special exceptions, but the record in this court fails to show that any action was taken upon them below; a waiver of any error in this respect therefore resulted. Headley et al. v. Obenchain, Adm'r, 33 Tex. 682; Pullman Co. v. Vanderhoeven, 48 Tex. Civ. App. 414, 107 S. W. 147; Phœnix Ins. Co. v. Boren et al., 83 Tex. 97, 18 S. W, 484.

[3] It is next argued that the description of appellee's land was insufficient, in that it "could not be ascertained or located from such description alone." This objection is without merit; the appellee alleged that he was the head of a family and owned 107 acres of land situated about four miles west from the town of Kenney, in Austin county, Tex.; that his land adjoined appellant's land on the east; that he resided upon this land with his family, consisting of himself, his wife, and five children; and that it was his homestead. This was a sufficient description of the land, in the absence of a special exception. The land could be easily located from the description thus given.

[4] The claim that the evidence did not support the recovery, particularly as to the specific amount of damages found by the jury, at first blush presents a difficulty; when the character of the action, in the light of the entire body of the evidence, is looked to, however, we conclude that it dissolves. The cause of action was for a depreciation in value of the appellee's homestead tract of 107 acres as an entirety, and, without objection from appellant, the issue of whether or not there was damage in that way was submitted to the jury; none of the land was actually taken, but all of it was found to be injured by the wrongful precipitation of the impounded waters on parts of it only. In such instances, the rule seems to be to compute the damages upon the entire tract considered as a whole. Texas Pipe Line Co. v. Higgs (Tex. Civ. App.) 243 S. W. 633 (writ of error refused), and authorities there cited.

[5] It is true that no witness testified to the specific amount, $925, found by the jury to have been the damage suffered by the appellee, he himself testifying that the whole tract was injured to the extent of $25 per acre, while the witness Gaskamp said that the value of about 10 or 15 acres, and not of 107 acres, had been diminished about $20 or $25 an acre; but under all the facts and circumstances in evidence—and there were many bearing upon the matter—the jury were not limited to the amounts thus given by either witness. The principle stated by this court in Deal v. Craven (Tex. Civ. App.) 266 S. W. at page 428, is applicable:

"The precise figures thus returned may not have been stated by the witnesses for either side, as the appellee urges, but there was a great deal of testimony on the subject, much of it dealing in estimates only, and upon the whole matter the jury were entitled to apply their common sense to the details before them, and to reconcile the divergencies in arriving at the figures they fixed."

Upon the whole, it is our conclusion that no reversible error has been pointed out, and that the trial court's judgment should be affirmed; that order has been entered.

Affirmed.