Margaret Gertrude CHERRY, Independent Executrix of the Estate of H. S. Cherry, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 19109.

Court of Civil Appeals of Texas, Dallas.

Feb. 4, 1977.

Rehearing Denied March 3, 1977.

Eddie Vassallo, McKool, Shoemaker & Vassallo, Dallas, for appellant.

John L. Hill, Atty. Gen., Austin, David R. Thomas, Asst. Atty. Gen., Dallas, for appellee.

ROBERTSON, Justice.

Margaret Gertrude Cherry appeals on behalf of the Estate of H. S. Cherry from a condemnation proceeding, contending that the trial court erred in admitting testimony before the jury concerning the landowner's right to use the surface of the condemned land for passage because the State's petition does not give the landowner this right. Additionally, it is contended that the jury verdict absent this testimony is against the great weight and preponderance of the evidence. We hold that the appellant has not preserved the error, if any, for appeal. Accordingly, we affirm the judgment.

This is the second appeal of this cause. The facts are summarized in detail in our previous opinion, cited *State v. H. S. Cherry*, 517 S.W.2d 337 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.), and we will summarize only those facts pertinent to this appeal. The State, through its petition for condemnation, sought to condemn a portion of land for use as a controlled access elevated highway, resulting in a severance of the landowner's remaining land into two parcels. This severance effectively denied access to one parcel with the exception that the State provided the landowner would at all times have a legal right of passage across the surface of the condemned land and under the elevated highway, subject only to Texas Highway Department regulations.

The main thrust of the landowner's argument is that testimony presented by the State caused the jury to believe there was an unequivocal right of passage with no conditions, and, consequently, they found a lower amount of damages than they would have found if they were aware of the condition of approval by the State. The landowner also contends that the reserved right of passage could not properly be considered by the jury because it could only be exercised at the discretion of the highway department. The disputed testimony was given by Fred Simmons, a District Right-of-Way Engineer of the State. The landowner's attorney did not object to the testimony given by Simmons on direct examination. On cross-examination the landowner's attorney elicited further testimony concerning the extent of the reserved right of passage and the feasibility of running a railroad spur track under the highway. After Simmons answered the questions, the same attorney made a motion to strike Simmons' answers to the questions which he had asked.

We do not reach the substantive questions on this appeal because they have not been preserved. If error exists because any of the questions or answers on direct examination contain objectionable material, it has been waived since a timely objection was not made by appellant. *Maverick v. Maury*, 79 Tex. 435, 15 S.W. 686, 687 (1891) and *Swinney v. Winters*, 532 S.W.2d 396, 401–02 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.). Also, appellant cannot complain of responsive answers to questions which he asked the witness on cross-examination. *Pullman Co. v. Vanderhoeven*, 48 Tex.Civ.App. 414, 107 S.W. 147, 150 (1908, writ ref'd). A party is not permitted to ask questions, and then upon receiving responsive answers unfavorable to his cause, have the answers stricken from the record.

Accordingly, the trial court's judgment is affirmed.