**Affirmed and Opinion Filed February 28, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00733-CV**

**JEROME PORTER, Appellant**
**V.**
**MARTHA REYES PORTER, Appellee**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-07439**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Partida-Kipness

Jerome Porter (Husband) appeals the divorce decree from his marriage to Martha Reyes Porter (Wife). Husband brings two evidentiary issues on appeal. He seeks reversal of the decree and asks this Court to remand for a new trial. After reviewing the parties' briefs and the record, we affirm the final divorce decree.

## BACKGROUND

The parties married in 1993 and separated in 2012. Husband filed his petition for divorce on April 12, 2019. Wife filed her counter petition for divorce on May 30, 2019. Both parties asserted that "the marriage has become insupportable because of discord or conflict of personalities" between the parties "that destroys the legitimate

ends of the marriage relationship and prevents any reasonable expectation of reconciliation." Wife further pleaded that she should be awarded a disproportionate share of the marital estate for several reasons including Husband's fault in the breakup of the marriage. Husband did not seek a disproportionate share of the marital estate and did not plead that Wife was at fault for the breakup of the marriage.

The parties tried the case to the court on February 11, 2020. At the conclusion of the bench trial, the trial court issued a memorandum ruling in which the court granted the divorce on the grounds of insupportability and made eight findings concerning a just and right division of the community property. The trial court signed the final divorce decree on March 27, 2020. The trial court made no findings of fault.

Husband filed a motion for new trial. That motion was overruled by operation of law. Husband also filed a request for findings of fact and conclusions of law. The trial court did not issue findings or conclusions. This appeal followed.

## ANALYSIS

Husband brings two issues on appeal, both of which complain of evidentiary rulings at trial. We will address each in turn.

## I.    Extraneous Offense Testimony

In his first issue, Husband argues that the trial court "erred" by overruling Husband's objection to testimony given by Wife in response to a question asked by Husband's counsel. At trial, Wife testified that Husband was physically abusive towards her during the marriage. She testified that Husband's "last" assault on her

occurred on February 11, 2012. Husband testified that he was convicted in 2000, 2002, and 2012 for family violence and served fourteen months of his sentence for the 2012 felony conviction. While being examined by Husband's counsel, Wife testified as follows concerning one of three criminal complaints brought by Wife against Husband:

Q. Okay. And obviously it was your claim that he had struck you?

A. He always did.

Q. Well, I'm not interested in what he's always said [sic], I'm just interested in what happened during that incident?

A. There was so many times, I don't remember.

MR. NATION: Objection, Your Honor, nonresponsive.

THE COURT: Sustained.

Q. (BY MR. NATION) Okay. And by the way, what's funny to you about this?

A. There's so many --

Q. I didn't -- I asked you --

A. There's so many times that I lost track of how many times he hit me.

MR. NATION: Objection, Your Honor, nonresponsive, and not admissible under Rule 404B.

THE COURT: Well, she answered your question. I guess that's what she thinks is funny.

Q. (BY MR. NATION) All right.

MR. NATION: So my objection is overruled?

THE COURT: Yes.

MR. NATION: Thank you.

On appeal, Husband contends Wife's statement that "[t]here's so many times that I lost track of how many times he hit me" constituted inadmissible evidence of extraneous offenses barred by Rule 404(b). We disagree.

The decision whether to admit or exclude evidence is committed to the sound discretion of the trial court. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "A trial court's evidentiary ruling must be upheld if there is a legitimate basis for it." *May v. Buck*, 375 S.W.3d 568, 573–74 (Tex. App.—Dallas 2012, no pet.) (citing *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). "Even if the exclusion or admission of evidence is found to be an abuse of discretion, it does not warrant reversal unless the error probably caused the rendition of an improper judgment." *See id.*

We conclude the trial court did not abuse its discretion by overruling Husband's objection. Wife provided a responsive answer to a question asked by Husband's counsel. Husband cannot now complain of the admission of an answer he deems unfavorable. *See, e.g., Varel Mfg. Co. v. Acetylene Oxygen Co.*, 990 S.W.2d 486, 499 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.) (party is not entitled to complain of responsive answers to questions that party asked the witness on cross-examination); *Cherry v. State*, 546 S.W.2d 922, 923 (Tex. Civ. App.—

–4–

Dallas 1977, writ ref'd) ("A party is not permitted to ask questions, and then upon receiving responsive answers unfavorable to his cause, have the answers stricken from the record."); *Snavely v. Snavely*, 445 S.W.2d 531, 532 (Tex. Civ. App.—Fort Worth 1969, no writ) (no error shown when testimony given in response to questions by appellant's attorney). We overrule Husband's first appellate issue.

## II.    Bill of Exceptions

In his second issue, Husband contends the trial court committed reversible error by improperly limiting the substance of a bill of exceptions. Specifically, Husband argues that the trial court committed reversible error by sustaining Wife's objections to questions concerning the number of times Wife had sexual intercourse outside of the marriage and whether Husband became angry because he found out Wife "was talking to a doctor." Relevant portions of that examination are below:

Q. Now, I'm going to ask you again, ma'am, have you been faithful to Jerome Porter during the marriage?

A. No.

Q. Okay. Have you had affairs with other men during the marriage?

A. One, yes.

Q. All right. And who was that and can you tell me the name of the person?

A. No.

Q. Why not?

A. Do I have to say his name?

MR. HOUSEL: Your Honor, we'd object with regards to the grounds of invasion of privacy. It is not relevant to the terms of this divorce.

MR. NATION: It is a bill of exception, Your Honor. If we appeal, the appellate court will decide whether it is relevant.

THE COURT: Okay. But the reason – why does he need to be named?

MR. NATION: Well, I am --

THE COURT: It is irrelevant what his name is.

MR. NATION: Well, I'll move on, Your Honor.

. . . .

Q. Okay. Did you have sexual intercourse with this person at that time?

A. I did.

Q. All right. And how long did this relationship last?

A. About six months.

Q. Okay. And did you have sexual intercourse on few or many occasions?

MR. HOUSEL: Your Honor, I'll object to the relevance of the number of times.

THE COURT: Sustained.

MR. NATION: All right.

Q. (BY MR. NATION) Did it happen more than once?

A. Yes.

. . . .

Q. At some point during your marriage, were you talking to a doctor and Mr. Porter found out and was angry; do you remember that?

A. No.

> MR. HOUSEL: Your Honor, I'm going to object and vague with regard to talking to a doctor.
>
> THE COURT: Sustained.
>
> MR. NATION: I pass the witness for purposes of this bill of exception.

On appeal, Husband argues that the trial court committed reversible error by restricting his examination of Wife and preventing him "from showing the witness' testimony and arguing its relevance." We disagree.

"It is reversible error to refuse a party the right to perfect his bill of exceptions." *Ledisco Fin. Servs., Inc. v. Viracola*, 533 S.W.2d 951, 959 (Tex. Civ. App.—Texarkana 1976, no writ) (citing *Dorn v. Cartwright*, 392 S.W.2d 181 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.)); TEX. R. APP. P. 44.1. During trial, the trial court sustained Wife's objections to Husband asking if she was unfaithful to Husband during the marriage. Husband's counsel reserved the right to make a bill of exceptions regarding the question of Wife's infidelity. At the close of evidence, the trial court permitted Husband to make a bill of exceptions on the question of infidelity. During that examination, Wife admitted to having a six-month affair during which she had sexual intercourse with her lover more than once. No additional testimony was needed to show what was excluded during trial (i.e., whether Wife had been unfaithful during the marriage). The trial court, therefore, did not refuse Husband the right to perfect his bill of exceptions. Further, any

–7–

specifics concerning the identity of Wife's lover and the number of interactions between them was immaterial to the outcome of the case because Husband did not seek a finding of fault against Wife and the trial court made no findings as to fault. We conclude the trial court did not commit reversible error by sustaining Wife's objections to questions posed during the presentation of the bill of exceptions. *See Dorn*, 392 S.W.2d at 186 (trial court did not err by refusing to allow appellant to obtain the answers of appellee in order to make out her bill of exceptions because such answers were immaterial to the outcome of the lawsuit).

Moreover, Husband has not shown or established that the trial court committed reversible error by excluding the identity of Wife's lover and the number of interactions between them. "The party complaining about the exclusion of evidence must show by either a bill of exception or an offer of proof the substance of the evidence excluded." *Hogg v. Lynch, Chappell & Alsup, P.C.*, 553 S.W.3d 55, 67 (Tex. App.—El Paso 2018, no pet.) (quoting *Katy Int'l, Inc. v. Jinchun Jiang*, 451 S.W.3d 74, 96 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)); *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 484 (Tex. App.—Dallas 1995, writ denied) (same); *Yap v. ANR Freight Sys., Inc.*, 789 S.W.2d 424, 429 (Tex. App.—Houston [1st Dist.] 1990, no writ) (same). Then, to obtain reversal of the judgment on the ground of improperly excluded evidence, the appellant has the burden to show that the rejection of the testimony he attempted to offer (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly

presenting the case to the court of appeals. TEX. R. APP. P. 44.1; *Agric. Warehouse, Inc. v. Uvalle*, 759 S.W.2d 691, 694 (Tex. App.—Dallas 1988, writ denied) (after a party makes a proper bill of exceptions, the appellate court can review the evidence to determine if its exclusion constitutes reversible error) (citing former TEX. R. APP. P. 81(b)).

Under this record, we conclude the trial court's rulings did not cause the rendition of an improper judgment or prevent Husband from properly presenting his case on appeal. The bill of exceptions includes Wife's acknowledgment that she was unfaithful to Husband during the marriage. This Court can, therefore, look to that evidence and address Husband's complaints concerning its exclusion. Moreover, Husband has not shown that the rejection of the testimony he attempted to offer probably caused the rendition of an improper judgment. The trial court made no findings as to fault and did not divide the marital estate disproportionately. The numerical extent of Wife's infidelity and the identity of her lover or lovers was, therefore, immaterial to the division of the marital estate. Under this record, we conclude the trial court did not commit reversible error by excluding such testimony.

## CONCLUSION

We conclude the evidentiary rulings of which Husband complains did not constitute an abuse of discretion and did not result in reversible error.

–9–

Accordingly, we overrule Husband's appellate issues and affirm the final divorce decree.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200733F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEROME PORTER, Appellant

No. 05-20-00733-CV     V.

MARTHA REYES PORTER,
Appellee

On Appeal from the 255th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-19-07439.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MARTHA REYES PORTER recover her costs of this appeal from appellant JEROME PORTER.

Judgment entered this 28th day of February 2022.