**Attie DORN, Appellant,**

v.

**J. W. CARTWRIGHT, Jr., Appellee.**

**No. 16578.**

Court of Civil Appeals of Texas.

Dallas.

May 28, 1965.

Rehearing Denied June 25, 1965.

Nance & Caston and Robert G. Bush, III, Sherman, for appellant.

Brame & Brame, Sherman, for appellee.

DIXON, Chief Justice.

Appellee J. W. Cartwright, Jr. filed suit for declaratory judgment to construe a will. The purpose of the suit is to determine whether appellee has the right under the terms of the will to convey fee simple title to certain real property, in particular whether he has a right to convey such title to Melvin Kalmbach, with whom he has already entered into a contract of sale.

The defendants in appellee's suit are the surviving children, the children of deceased children and the heirs known or unknown of J. W. Cartwright, Sr. Appellee is a son and appellant Attie Dorn is a daughter of J. W. Cartwright, Sr. Melvin Kalmbach is not a party to the suit.

J. W. Cartwright, Sr. died in 1925. He left a will and a codicil which were duly admitted to probate in 1929. The material parts of the will and codicil so far as this suit is concerned are as follows:

"Third:—Because my son, J. W. Cartwright, Jr., has lived with me and has cared for, aided and assisted me during my declining years, I do, hereby, give, devise and bequeath unto my said son, J. W. Cartwright, Jr., my 121 acres of land situated about 1¼ miles South-West of the town of Van Alstyne, in the A. Cartwright survey in Grayson County, Texas, To have and to hold the same in fee simple title forever, and he may sell, or otherwise dispose of same, or any part thereof, in any manner he may deem fit."

\*　　\*　　\*　　\*　　\*　　\*

"As a codicil to my above and foregoing Will bearing date November 29th, 1922, to which this codicil is attached to be taken and considered as a part thereof, I hereby will and direct that in case my said son, J. W. Cartwright, should die without leaving any child or children of his own surviving, then all the property devised to him in my said will, shall revert back to and vest in my estate and be divided equally among my other children then living. In all other respects, my said will shall be and remain as it was written.

"Witness my hand this May 4th, 1925."

J. W. Cartwright has no children of his own. In 1960 he adopted a stepdaughter, who is herself grown, married and has children.

On June 10, 1963 J. W. Cartwright, Jr. entered into a written contract with Melvin Kalmbach whereby for a consideration of $33,000 he agreed to sell and convey to Melvin Kalmbach the 121 acres of land referred to in the above quoted portions of the will. Kalmbach deposited the sum of $8,000 cash with Merchants & Planters Bank of Sherman, Texas, as down payment pending consummation of the sale. The remaining $25,000 of the purchase price is to be evidenced by a promissory note payable in annual installments covering a period of fourteen years, said note being secured by vendor's lien.

The contract of sale provides that seller shall furnish an abstract of title to the property which is to be conveyed free and clear of all encumbrances except those named. It also provides that if any title objections are made seller shall have a reasonable time to cure said objections and show good and marketable title.

The contract further provides that if seller fails to furnish good and marketable title the $8,000 cash in escrow with the bank shall be returned to Kalmbach, the purchaser. But if seller cures all objections to title and purchaser thereafter fails

to consummate the contract, the $8,000 shall be retained by seller as liquidated damages. Purchaser is expressly given the right to enforce the contract by specific performance.

William R. Bryant, attorney at law, examined the abstract of title in behalf of his client, Melvin Kalmbach. In his written opinion he expressed uncertainty as to whether under the terms of the will of J. W. Cartwright, Sr. appellee has the right to convey fee title to the land in question. As a condition to his approval of the title he required that a suit be filed to construe the will and an adjudication be obtained declaring that appellee has the right to convey fee title.

It was in compliance with attorney Bryant's requirement that this suit was filed. After a trial before the court without a jury judgment was entered construing the will and codicil to mean "that under the terms thereof the said plaintiff, J. W. Cartwright, Jr., has the power to sell and convey a fee simple title to the aforesaid 121 acres of land * * *." The land is then described by metes and bounds.

Attie Dorn, sister of appellee J. W. Cartwright, Jr., is the only one of the defendants who has perfected an appeal from the trial court's judgment.

After suit was filed appellee and Melvin Kalmbach entered into another written agreement in regard to the land. This second agreement is in the nature of a lease agreement. A tenant under appellee had been in possession of the premises. Kalmbach bought the tenant's lease contract and later renewed it with appellee as landlord. Under the terms of this lease agreement a certain sum will be paid to appellee each year out of the $8,000 held in escrow by the bank. These yearly payments will constitute the annual rental payments if appellee loses this lawsuit. If appellee wins this suit the annual payments so made shall apply on the purchase price of the land. Under the terms of this second agreement Melvin Kalmbach went into

possession and is now in possession of the land in question.

## Opinion

In her first point on appeal appellant says that the court erred in overruling her plea in which she asked that the suit be abated until Melvin Kalmbach should be joined as a necessary party plaintiff.

We are of the opinion that Melvin Kalmbach is a necessary party to this suit, and that it was error for the court to overrule appellant's plea in abatement.

Although this is a suit for declaratory judgment to construe a will it is similar to a suit to quiet title or to remove cloud from title. McCurdy v. Morgan, Tex.Civ. App., 252 S.W.2d 264.

If appellee has the right to convey fee title Kalmbach, as purchaser in the contract of sale, has an equitable title in the property dating from the execution of the contract. This equitable title will ripen into a legal title upon consummation of the sale pursuant to the contract's terms and the delivery of a warranty deed naming him as grantee, his legal title then being subject only to his payment of the balance of the purchase price. Kalmbach therefore has a direct interest in the property and in the outcome of this lawsuit. City of Garland v. Wentzel, Tex.Civ.App., 294 S.W.2d 145; Whittenburg v. Miller, 139 Tex. 586, 164 S.W.2d 497; American Nat'l Ins. Co. v. Bass, Tex.Civ.App., 111 S.W.2d 769; Alworth v. Ellison, Tex.Civ. App., 27 S.W.2d 639; Rives v. James, Tex. Civ.App., 3 S.W.2d 932; Slaughter v. Coke County, 34 Tex.Civ.App. 598, 79 S.W. 863; Peters v. Clements, 46 Tex. 114; 58 Tex. Jur.2d 497.

Our Supreme Court has said, "Necessary parties * * * are those who have or claim a direct interest in the object and subject matter of the suit and whose interest will necessarily be affected by any judgment rendered therein." Royal Pe-

troleum Corp. v. Dennis, 160 Tex. 392, 332 S.W.2d 313. See also Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324; Hortenstine v. Jackson, Tex.Civ.App., 289 S.W.2d 613; Adams v. Bankers' Life Co., Tex.Com. App., 36 S.W.2d 182, 185. See especially Texan Development Co. v. Hodges, Tex. Civ.App., 237 S.W.2d 436, wherein it was held that a third party was a necessary party to a suit because he was a party to an executory contract with one of the litigants and his rights would be affected by the outcome of the suit.

Our holding is in accord with the Uniform Declaratory Judgment Act, Art. 2524–1, Sec. 11 Vernon's Ann.Civ.St., which provides: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Appellant's first point is sustained.

In her second point on appeal appellant takes issue with the recitation in the court's judgment that a justiciable controversy exists as to appellee's right to make a sale and convey 121 acres of land in Grayson County, Texas.

■ We see no merit in appellant's second point. In his Second Amended Petition appellee alleges that under the terms of the will he has the right to convey fee simple title to the land. Appellant in her Second Amended Answer presents a general denial to appellee's allegations. There is obviously a controversy between appellant and appellee. Appellant's second point is overruled.

In her third point on appeal appellant complains of the court's action in sustaining exception to parts of the prayer in her answer wherein she asked judgment that the court award to the children and grandchildren of the testator fee simple title to the property because appellee violated that part of the will which forbade a contest of the will.

■ The court's error, if it was error, in sustaining the exception was harmless. Appellee's suit does not contest the validity of the will. Appellee does not ask that the will be set aside. He merely asks that the will be construed and that his rights under its terms be determined.

■ In her fourth point appellant complains of the court's ruling sustaining the exception to that part of her prayer in which she asked the court to construe the will and codicil to mean that appellee has no more than a life estate in the 121 acres in question. It was error for the court to sustain the exception. No matter how much the court may disagree with appellant as to the proper construction of the will and codicil appellant has a right to ask the court to adopt her view. Doubtless this error will not be repeated in another trial.

In her fifth point appellant complains because the court would not permit her to perfect a bill of exceptions and to elicit from appellee answers to questions pertaining to his health and ability to procreate children.

■ Under Rules 372 and 373, Texas Rules of Civil Procedure it is no longer necessary to make out separate formal bills of exception when the record otherwise fully discloses all that a bill of exceptions would disclose. For example, when objection to testimony is overruled and a witness is allowed to answer the question propounded no separate bill of exceptions is necessary for the statement of facts will show everything needed to inform the appellate court what happened.

■ But when objection is sustained and the witness is not permitted to answer the question propounded to him the statement of facts will not show what the testimony of the witness would have been. Then a separate bill of exceptions often becomes necessary. The objecting party is entitled to make out his bill of exceptions

and the court may not refuse to let him do so. Otherwise the appellate court in many cases could not know what the witness would have testified, so cannot pass on the admissibility of the proffered testimony. Rules 372 and 373 do not dispense with the necessity of a separate bill of exceptions under such circumstances. Our courts have often so held. City of Kingsville v. Rivas, Tex.Civ.App., 355 S.W.2d 813; Southerland v. Porter, Tex.Civ.App., 336 S.W.2d 841; Gass v. Baggerly, Tex. Civ.App., 332 S.W.2d 426; Martin v. T. & P. Ry. Co., Tex.Civ.App., 317 S.W.2d 577; Texas Associates v. Joe Bland, Const. Co., Tex.Civ.App., 222 S.W.2d 413; Bradford v. Magnolia Pipe Line Co., Tex.Civ. App., 262 S.W.2d 242; Johnson v. Poe, Tex.Civ.App., 210 S.W.2d 264; Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937; City of Houston v. Huber, Tex.Civ. App., 311 S.W.2d 488. The usual way to give an objecting party his opportunity to make a bill in such a situation is for the court to retire the jury and have the witness answer the questions in the jury's absence; or if the situation arises in a nonjury trial, the witness may be allowed to answer the questions, it being understood that his answers are for the bill of exceptions only.

In the case now before us we are of the opinion that it was not reversible error for the court to refuse to allow appellant to obtain the answers of appellee in order to make out her bill of exceptions. We so hold because it is immaterial to the outcome of this lawsuit whether appellee would have answered that he does or does not intend to have children in the future or whether he is or is not capable of procreation.

The main question before us in this case is whether appellee has a present right to convey fee title to the property involved. More particularly the question is, did he have said right as of June 10, 1963 when he entered into the written contract of sale with Kalmbach. Appellee's status at

the present time and on June 10, 1963 with regard to children of his own is undisputed. Whether he intends to have children in the future or is able to procreate has no bearing on his right to convey fee title to Kalmbach pursuant to the terms of their contract. Since the court's error in refusing to let appellant make out her bill of exceptions is harmless we overrule appellant's fifth point.

In her sixth to eleventh points inclusive appellant complains of matters which either present no error, or which show harmless error, or which, though error, will not likely occur in another trial of this case. Said points are overruled.

Because we have concluded that Melvin Kalmbach is a necessary party to this cause of action, the judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.