**In the Matter of the MARRIAGE OF David Allen GOODWIN and Shirley Jean Goodwin.**

No. 8534.

Court of Civil Appeals of Texas, Texarkana.

Feb. 14, 1978.

Rehearing Denied March 14, 1978.

Don C. Cooksey, Texarkana, for appellant.

Harry B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

CORNELIUS, Chief Justice.

By judgment rendered on March 28, 1977, the District Court of Bowie County dissolved the marriage of David Allen Goodwin and Shirley Jean Goodwin, divided their community estate and appointed Mrs. Goodwin managing conservator of their two children. Mr. Goodwin has appealed from that judgment on the grounds that he was denied a hearing on the issues which were involved, and that he was deprived of the right to obtain a record of the proceedings or to perfect his bill of exceptions to the action of the court in excluding the proffered testimony of certain witnesses.

On December 14, 1976, the trial court entered temporary orders concerning the custody and support of the children. Final hearing on the merits was set for March 2. Mr. Goodwin has stated in his sworn motion for new trial and in his brief in this Court that on March 2 he appeared in person and by his attorney, together with several witnesses, intending to present testimony and to have the court reporter transcribe the proceedings, but that the trial judge called the parties into his chambers, announced his final decision on the issues involved and informed them that no witnesses would be heard. However, the judgment which was subsequently entered recited that on March 2, 1977, the court "heard the evidence and argument of counsel" and that "the making of a record of testimony was waived by the parties with consent of the court." The reporter has certified that no record was made of any of the proceedings. After the judge announced his decision, appellant's trial counsel withdrew and his present counsel was retained. Some five days after the court's announcement, but before judgment was entered, appellant's present counsel filed an instrument styled "MOTION TO ALLOW PETITIONER A BILL OF EXCEPTION" which complained of the lack of a hearing, and requested:

". . . that the Court set a time and place for such Bill of Exception and that Petitioner be allowed to dictate to the official court reporter a Bill of Exception and that no Decree of Divorce be signed or filed until such hearing is held."

The court took no action on the motion, but proceeded to enter judgment in accordance with his prior announcement. Appellant thereupon filed his sworn motion for a new trial, alleging as grounds therefor the denial of a record, the refusal to hear evidence and the refusal to allow the making of a bill of exceptions. Upon request, the trial judge made findings of fact and conclusions of law on the issues of divorce, property division and custody, but appellant's motion for new trial was overruled by operation of law and no relief was granted to him with respect to the bill of exceptions or the availability of a record.

From a review of the foregoing facts, and regardless of the other contentions raised here, we think it is clear that appellant was denied the opportunity to make a bill of exceptions as permitted by Tex.R.Civ.P. 372. When the testimony of a witness is excluded, the aggrieved party, in order to obtain a reversal based upon the court's action, must show by a bill of exceptions what the witness' testimony would have been. *De La Hoya v. Saldivar*, 513 S.W.2d 259 (Tex.Civ.App. El Paso 1974, no writ); *Bowles v. Bourdon*, 213 S.W.2d 713 (Tex.Civ.App. Galveston 1948), aff'd, 148 Tex. 1, 219 S.W.2d 779 (1949); *Johnson v. Poe*, 210 S.W.2d 264 (Tex.Civ.App. Galveston 1948, writ ref'd n. r. e.). And it is reversible error to refuse a party the opportunity to perfect such a bill of exceptions. *Biggers v. State*, 358 S.W.2d 188 (Tex.Civ. App. Dallas 1962), writ ref'd n. r. e. per curiam, 360 S.W.2d 516 (Tex.1962); *Smith v. State*, 490 S.W.2d 902 (Tex.Civ.App. Corpus Christi 1972, writ ref'd n. r. e.); *Matuszak v. Houston Oilers, Inc.*, 515 S.W.2d 725 (Tex.Civ.App. Houston-14th Dist.1974, no writ); *Dorn v. Cartwright*, 392 S.W.2d 181 (Tex.Civ.App. Dallas 1965, writ ref'd n. r. e.).

Tex.R.Civ.P. 372 provides in part that:

"If either party during the progress of a cause is dissatisfied with any ruling, . . or other action of the court, he may except thereto at the time said ruling is made, . . . and *at his request time shall be given to embody such exceptions in a written bill.* . . .

.   .   .   .   .

"(1) Anything occurring in open court or in chambers that is reported and so certified by the court reporter *may be included in the statement of facts rather than in a bill of exception* ; . . .". (Emphasis supplied.)

Thus, when testimony has been excluded, a party may make a bill of exceptions in either of two ways: by eliciting the witness' testimony by questions and answers recorded by the court reporter and included in the statement of facts; or by preparing a separate, formal bill of exceptions which describes the court's ruling and includes a summary of the facts which the witness would have related had he been allowed to do so. *Dorn v. Cartwright,* supra; *Gray v. Mills,* 206 S.W.2d 278 (Tex.Civ.App. Fort Worth 1947), aff'd, 147 Tex. 33, 210 S.W.2d 985 (1948); 4 Tex.Jur.2d, Rev., Part I, Appeal and Error—Civil Cases, Sec. 483, p. 343.

While this cause was still pending in the district court and before judgment was entered, appellant requested in writing the right to produce the excluded testimony on a bill of exceptions to be included in the statement of facts.[1] Although he could have prepared separate, formal bills of exceptions containing summaries of the expected testimony, we hold that appellant had the right under Rule 372 to make his bill by questions and answers and to have the same included in the statement of facts. We find nothing in the cases to indicate that, in a situation of this kind, the trial court has the discretion to relegate a party to the use of separate, formal bills of exception only. Compare, for example, *Biggers v. State,* supra; *Smith v. State,* supra.

 Appellee urges that appellant should not be granted any relief on appeal because he has not challenged the trial court's findings of fact and conclusions of law on the merits of the case. The answer to that contention is that appellant is not complaining of the findings and conclusions as such; he is complaining because competent and relevant evidence which the court should have heard was excluded, and that he was denied the opportunity to show the materiality of that evidence by a bill of exceptions as permitted by Rule 372. Such a complaint is not waived by a failure to challenge the court's findings.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for a new trial.

---

1. See Sec. 11.14(d), Tex.Family Code Ann., which provides that a record of the proceedings must be made unless waived by the parties with consent of the court. Unless waived, it is the duty of the trial court to see that such a record is made. See *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.) (1978).